SUSAN PARSONS, Plaintiff-Appellee, *v.* DARRELL McROBERTS, Defendant-Appellant.

Fourth District   No. 4—83—0830

Opinion filed May 10, 1984.

John E. Gambill, of Allen & Korkowski & Associates, of Rantoul, for appellant.

Arthur M. Lerner, of Greaves, Lerner & Kirchner, of Champaign, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

Plaintiff filed a three-count complaint against the defendant (her former stepfather) alleging in counts I and II that he wilfully, wantonly and intentionally sexually assaulted her and forced her to commit various sexual acts with him. Plaintiff requested compensatory damages in the amount of $75,000 in count I and punitive damages in the amount of $250,000 in count II. In count III, plaintiff alleged the tort of outrage and asked for $150,000 in damages.

Following a bench trial, the circuit court entered an order dismissing count III while finding in plaintiff's favor as to counts I and II. The court awarded her $18,000 in compensatory damages and $12,000 in punitive damages. Defendant then filed a petition asking the court to reconsider the damages awarded. In its order of November 21, 1983, the circuit court denied defendant's petition and

ordered him to begin paying the judgment in installments of $175 per month, stating that defendant's ability to pay would be reviewed in one year. Defendant filed his timely notice of appeal on December 12, 1983.

On appeal defendant admits that his conduct was wilful, wanton and intentional and he agrees that he should pay the plaintiff damages. However, he argues that the damages awarded here are excessive in amount because he does not have the means to pay them.

■ Initially, we note that a defendant's financial circumstances are irrelevant where an award of compensatory damages is concerned. (*Fopay v. Noveroske* (1975), 31 Ill. App. 3d 182, 334 N.E.2d 79.) Since defendant raises no other objections in this regard, we find that the $18,000 in compensatory damages awarded here was not excessive.

■ In determining whether a punitive damages award is excessive, a reviewing court should consider: (1) the nature and enormity of the wrong, (2) the financial status of the defendant, (3) the potential liability of the defendant in cases where defendant faces multiple liability. (*Hazelwood v. Illinois Central Gulf R.R.* (1983), 114 Ill. App. 3d 703, 450 N.E.2d 1199.) We cannot overstate the enormity of the wrong involved in this case. Although defendant introduced evidence in the form of a self-prepared financial statement indicating that his net worth was $3,116, it is also clear that he was young, healthy and employed at the time of the trial. Under these circumstances we cannot say that the award of $12,000 in punitive damages was excessive.

Accordingly, the judgment of the circuit court of Champaign County is affirmed.

Affirmed.

TRAPP and GREEN, JJ., concur.